IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

DAVID MICHAEL PERSONS,            )
                                  )
        **Movant,**            )
                                  )
v.                                )    **Civil Action No. 3:15-00339**
                                  )    **Criminal Action No. 3:11-00011**
UNITED STATES OF AMERICA,         )
                                  )
        **Respondent.**            )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 237.) By Standing

Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for

submission of proposed findings of fact and a recommendation for disposition pursuant to 28

U.S.C. § 636(b)(1)(B). (Document No. 239.) By Order entered on January 6, 2016, the above

case was referred to the undersigned United States Magistrate Judge for submission of proposed

findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B).

(Document No. 257.)

## FACTUAL BACKGROUND

**1.**    **Criminal Action No. 3:11-00011:**

By Indictment filed on February 4, 2011, Movant was charged with two counts of

Distribution of a Quantity of Heroin in violation of 21 U.S.C. § 841(a)(1) (Counts 1 and 2); one

count of Distribution of a Quantity of Cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 3);

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

and one count of Possession with Intent to Distribute a Quantity of Heroin in violation of 21 U.S.C. § 841(a)(1) (Count 4). (Criminal Action No. 3:11-00011, Document No. 1.) On March 11, 2011, Movant, by counsel, filed a Motion to Suppress. (Id., Document No. 19.) Specifically, Movant sought the suppression of "the fruits of a search of defendant's residence conducted on April 20, 2010." (Id.) The District Court conducted a hearing on Movant's Motion to Suppress on April 4, 2011. (Id., Document No. 31.) By Memorandum Opinion and Order filed on April 6, 2011, the District Court denied Movant's Motion to Suppress. (Id., Document No. 33.) On June 10, 2011, an Amended Information was filed charging Movant with Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1). (Id., Document No. 52.) On June 13, 2011, a hearing commenced regarding Movant's anticipated plea of guilty to the Amended Information.[2] (Id., Document No. 53.) A Plea Hearing, however, was not conducted because Movant decided not to plead guilty and the District Court granted the United States' oral motion to continue trial. (Id., Document No. 53 and Document No. 213.)

On June 15, 2011, a Superseding Indictment was filed charging Movant with two counts of Distribution of a Quantity of Heroin in violation of 21 U.S.C. § 841(a)(1) (Counts 1 and 2); one count of Distribution of a Quantity of Cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 3); one count of Possession with Intent to Distribute a Quantity of Heroin in violation of 21 U.S.C. § 841(a)(1) (Count 4); one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 5); and one count of Possession of a Firearm Arm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)

---

[2] The Plea Agreement contemplated that Movant would enter a guilty plea to the Information charging a violation of 18 U.S.C. § 924(c) and the other counts in the then-pending Indictment would be dismissed. The record reveals that Movant did not go forward with the guilty plea on June 13, 2011 in light of the realization that he might be treated as a career offender under the Guidelines." (Criminal Action No. 3:11-00011, Document No. 67.)

(Count 6). (Id., Document No. 55.) On July 18, 2011, Movant, by counsel, filed a "Motion to Exclude Stipulation Attached to Plea Agreement" and Memorandum in Support. (Id., Document Nos. 67 and 68.) Following a Pretrial Motions Hearing, the District Court denied Movant's "Motion to Exclude Stipulation Attached to Plea Agreement" on November 22, 2011. (Id., Document No. 96.) Following a jury trial conducted on July 31, 2012 to August 1, 2012, Movant was convicted of Counts 1, 2, 3, 4, and 5 as charged in the Superseding Indictment. (Id., Document No. 172.) Subsequently Movant filed a Motion for New Trial, which was denied by the District Court on September 12, 2012. (Id., Document No. 179 and 183.) A Presentence Investigation Report was prepared. (Id., Document No. 194.) The District Court determined that Movant had a Base Offense Level of 24,[3] and a Total Offense Level of 26, the Court having applied a two-level enhancement pursuant to U.S.S.G. § 2D1.1(c)(7) because Movant possessed a dangerous weapon. (Id., pp. 8 – 9 and Document No. 191.) The District Court sentenced Movant on November 19, 2012, to a 120-month term of imprisonment on each of the counts of conviction to be served concurrently. (Id., Document Nos. 191 and 192.) The District Court further imposed a three-year term of supervised release and a $500.00 special assessment. (Id.)

Movant filed a Notice of Appeal on November 26, 2012. (Id., Document No. 195.) In his appeal, Movant argued as follows: (1) "The District Court erred by allowing the Stipulation of Facts to be read into the record and admitted;" (2) "The Government's evidence of the drug quantity involved and the possession of firearms in connection with drug trafficking was confusing, inconsistent, and insufficient to support the judgment;" (3) "The District Court erred by refusing to allow [Movant] to withdraw from his plea bargain;" (4) Movant "received

---

[3] The District Court reduced Movant's Base Offense Level by two levels after finding that Movant consumed some of the heroin for personal use. (Criminal Action No. 3:11-00011,

3

ineffective assistance of counsel at the time he signed the plea agreement;" and (5) "The District Court erred by denying his motion to suppress." (Id., Document No. 22.) On December 6, 2013, the Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence. Id.; United States v. Persons, 548 Fed.Appx. 861 (4th Cir. 2013). Counsel filed a petition for certiorari on January 7, 2013 and moved to withdraw as counsel noting that she filed the petition at the direction of Movant but she believed there were no non-frivolous grounds upon which to proceed. United States v. Persons, Docket No. 12-4954 (4th Cir.), Document Nos. 65 and 66; (Civil Action No. 3:15-00339, Document No. 237-1, p. 17.)

By "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)" entered on October 8, 2015, the District Court reduced Movant's sentence from 120 months to 102 months based upon a retroactive amendment to the Sentencing Guidelines. (Criminal Action No. 3:11-00011, Document No. 251.)

## 2.    Section 2255 Motion:

On January 7, 2015, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 3:15-00339, Document No. 237.) As grounds for *habeas* relief, Movant argues as follows: (1) Movant's "constitutional rights were violated as the Federal and West Virginia Wiretap statutes were not followed" (Id., pp. 3 – 19.); (2) Movant "was punished twice ('double counting') when sentenced for a gun while it also was used to increase his offense level" (Id., pp. 20 – 24.); (3) "Through ineffective assistance of counsel, [Movant] was denied his right to confront his accuser" (Id., pp. 25 – 29.); (4) Movant's "entrapment defense was not constitutionally presented by his lawyer" (Id., pp. 29 – 35.); (5) Movant's "right to be present at the plea discussions on

Document No. 211, pp. 12 – 15.)

4

June 13, 2011 was violated" (Id., pp. 35 – 38.); (6) "The Court's determination of drug weight was contrary to law" (Id., pp. 39 – 50.); (7) "Attorney Weston was constitutionally ineffective" (Id., pp. 50 – 59.); (8) "Appellate counsel was constitutionally ineffective" (Id., pp. 59 – 63.); and (9) Attorney "Weis was constitutionally ineffective concerning the SOF and counseling of [Movant] regarding his sentencing and the June 13th hearing" (Id., pp. 63 – 72.).

As Exhibits, Movant attaches the following: (1) A copy of the "Application for Electronic Interception Order Pursuant to West Virginia Code § 62-1F-1 et. seq." dated March 2, 2010 (Document No. 237-1, p. 2.); (2) A copy of the "Order for Electronic Interception Pursuant to West Virginia Code § 62-1F-1 et. seq." dated March 2, 2010 (Id., p. 3.); (3) A copy of the "Application for Electronic Interception Order Pursuant to West Virginia Code § 62-1F-1 et. seq." dated March 22, 2010 (Id., p. 4.); (4) A copy of the "Order for Electronic Interception Pursuant to West Virginia Code § 62-1F-1 et. seq." dated March 22, 2010 (Id., p. 5.); (5) A copy of Movant's Affidavit dated November 21, 2014 (Id., pp. 6 – 10.); (6) A copy of the "Stipulation of Facts" dated June 2, 2011 (Id., pp. 11 – 12.); (7) A copy of phone records (Id., p. 13.); (8) A copy of a letter dated April 22, 2013, from Attorney Jane Moran addressed to Movant (Id., pp. 14 - 15.); (9) A copy of statements from court-appointed counsel (Id., p. 16.); (10) A copy of the "Filing of Certiorari Status Form by Counsel" (Id., p. 17.); (11) A copy of a letter dated November 11, 2014, from Attorney Moran addressed to Movant (Id., p. 18.); and (12) A copy of the "Factual Summary" from Sgt. Dave Lucas (Id., p. 19.).

By Order entered on January 28, 2015, United States Magistrate Judge R. Clarke VanDervort directed the United States to file an Answer to Movant's claims. (Id., Document No. 242.) On February 23, 2015, Respondent filed its Response to Movant's Motion Under 28

U.S.C. § 2255. (Id., Document No. 244.) Respondent argues as follows: (1) Movant fails to carry

his burden with respect to his ineffective assistance of counsel claim concerning Mr. Weis (Id.,

pp. 8 – 9.); (2) "None of [Movant's] claims satisfy the first *Strickland* prong to establish that Mr.

Weston's representation fell below the wide range of reasonable assistance guaranteed by the

Sixth Amendment" (Id., pp. 9 – 15.); (3) Movant's ineffective assistance of counsel claim

concerning Ms. Moran's alleged failure to file a petition for writ of certiorari is without merit

(Id., p. 15.); (4) Movant's challenges to the District Court's calculation of the Guidelines should

be dismissed because the arguments were presented and upheld on direct appeal (Id., pp. 15 –

16.); (5) Movant's argument that police unlawfully wiretapped him is without merit (Id., pp. 16 –

17.); and (6) The June 13, 2011, hearing was not a plea hearing and Rule 43(a) was not

applicable (Id., pp. 17 – 18.).

On March 30, 2015, Movant filed his Reply. (Id., Document No. 246.) On March 3,

2016, Movant filed additional Exhibits in support of his Section 22255 Motion. (Id., Document

No. 260.) Specifically, Movant attached the following: (1) A copy of the Plea Agreement letter

dated June 1, 2011 (Id., Document No. 260-1, pp. 1 – 10.); (2) A copy of pertinent pages from

the transcript of the hearing conducted on June 13, 2011 (Id., pp. 11 – 12.); (3) A copy of

pertinent pages from the transcript of the sentencing hearing (Id., pp. 13 – 16.); and (4) A copy

of legal research Movant's believes is pertinent to his case (Id., pp. 17 – 20.).

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress
claiming the right to be released upon the ground that the sentence was imposed
in violation of the Constitution or laws of the United States, or that the court was
without jurisdiction to impose such sentence, or that the sentence was in excess of
the maximum authorized by law, or is otherwise subject to collateral attack, may

move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

## 1.    Ineffective Assistance of Counsel:

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456

(1992).

**A.      Alleged ineffectiveness by AFPD Weis:**

In his Motion, Movant argues that AFPD Weis was ineffective in his advice for Movant to sign the Plea Agreement and the Stipulation of Facts. (Civil Action No. 3:15-00339, Document No. 237, pp. 63 – 72.) Movant contends that he was prejudiced because the United States introduced the Stipulation of Facts a trial. (<u>Id.</u>) Movant contends that AFPD Weis advised Movant to sign the Plea Agreement when AFPD Weis had not fully read the Plea Agreement or Movant's Indictment. (<u>Id.</u>, p. 69.) Movant states that he decided not to plead guilty after AFPD Weis informed Movant that he could potentially be classified as a career offender under the Guidelines, which could result in an increased sentence. (<u>Id.</u>) Movant further asserts that AFPD Weis' conduct resulted in Movant receiving a higher sentence because Movant did not receive a sentencing reduction based upon acceptance of responsibility. (<u>Id.</u>)

In Response, Respondent argues that Movant's above claim should be denied. (<u>Id.</u>, Document No. 244, pp. 8 – 9.) Respondent contends that the Fourth Circuit "found that the admission of the stipulation, even if erroneous, was harmless." (<u>Id.</u>, p. 8.) Respondent argues that "[d]espite couching his argument in terms of ineffective assistance of counsel, defendant is nevertheless re-raising the issue of the admission of the stipulation." (<u>Id.</u>, p. 9.)

In Reply, Movant continues to argue that the admission of the Stipulation of Fact resulted in Movant getting a longer sentence. (<u>Id.</u>, Document 246, pp. 5 – 6.) Movant contends that "getting a longer sentence would certainly seem to satisfy the second prong of <u>Strickland</u>." (<u>Id.</u>) Finally, Movant argues that he had to testify because of the admission of the Stipulation of Facts. (<u>Id.</u>) Movant contends that his own testimony was very prejudicial to his case. (<u>Id.</u>)

The record reveals that on June 1, 2011, the United States sent AFPD Weis a standard form plea agreement contemplating that Movant would enter a guilty plea to an information charging Movant with a violation 18 U.S.C. § 924(c) and dismissing the pending Indictment. (Criminal Action No. 3:11-00011, Document No. 67, p. 1.) AFPD Weis discussed the Plea Agreement with Movant and Movant signed the Plea Agreement and Stipulation of Facts on June 2, 2011. (Id., Document No. 67, p. 1 and Document No. 260-1, pp. 2 - 10.) At the time the Plea Agreement was signed, AFPD Weis acknowledged that he had examined Movant's pretrial report and NCIC "rap sheet" and believed Movant did not qualify as a "career offender" under the Guidelines. (Id., Document No. 67, p. 1.) Specifically, AFPD Weis explained that Movant's pretrial report and NCIC "rap sheet" revealed a "failure to comply" offense, which he "assumed . . . was neither a crime of violence nor a controlled substance offense as that term is used in the Career Offender Guideline definitions, U.S.S.G. § 4B1.2" (Id.) AFPD Weis stated that prior to the June 13, 2011 Plea Hearing, he "carefully examined documents pertaining to an Ohio conviction . . . [for] 'failure to comply' and saw that the indictment alleged that Mr. Persons had fled from law enforcement officers in an automobile in a manner which posed a danger."[4] (Id., p. 2.) Thus, AFPD Weis advised Movant that it was likely that the "failure to comply" conviction was a "career offender" predicate offense. (Id.) After learning that he could possibly be classified as a "career offender" under the Guidelines, Movant decided not to go forward with his guilty plea on June 13, 2011. (Id.)

    *(i)*    ***Allowing Movant to sign Plea Agreement and Stipulation of Facts.***

First, Movant argues that AFPD Weis acted ineffective by allowing him to sign the Plea

---

[4] AFPD Weis explained that the pretrial report and rap sheet referenced the offense as a "failure to comply," when it was actually a "flight from officers" offense. (Criminal Action No. 3:11-00011, Document No. 217.)

Agreement and Stipulation of Facts. Movant explains that AFPD Weis acknowledges that he initially overlooked the possible career offender predicate offense, which caused AFPD Weis to predict a lower possible sentencing range under the Guidelines. Movant states that based on AFPD Weis' initial sentencing prediction, Movant signed the Plea Agreement and Stipulation of Facts. Prior to the Plea Hearing, however, AFPD Weis advised Movant that he could possibly be classified as a career offender under the Guidelines causing a higher projected sentencing range. Although Movant acknowledges that he did not proceed with pleading guilty, Movant complains that AFPD Weis' above actions resulted in the Stipulation of Facts being admitted against Movant at trial. Therefore, Movant argues that AFPD Weis' conduct resulted in prejudice to Movant.

It is well established that a movant may not reassert a claim decided on direct review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974). In the instant case, Movant argued on direct appeal that the District Court erred in allowing the admission of the stipulation of facts. The Fourth Circuit, however, determined as follows:

> Even assuming, without deciding, that the court erred in admitting the stipulation of facts, any such error was harmless because the evidence of Persons' guilty was overwhelming. Persons testified at trial that he distributed heroin and cocaine to the informants on all three controlled buys in March 2010, each of which was recorded on video. J.A. 350, 363-64. Further, law enforcement found heroin and two firearms in Persons' home on April 20, 2010, and he admitted on cross-examination that he knew that it was unlawful for him to possess a firearm

> due to a prior conviction. See J.A. 381. It is further doubtful that the jury seriously considered the stipulations as probative evidence of Persons' guilty since it acquitted him of possession of firearms in furtherance of a drug trafficking offense despite his stipulation that he kept the two firearms seized "in his bedroom in part to protect himself, his drugs, and his cash proceeds of drug trafficking from individuals who may seek to steal the drugs or drug proceeds . . ." J.A. 413-14. Any error was therefore harmless because this Court cannot conclude that the judgment was substantially swayed by the alleged error.

Persons, 548 Fed.Appx. at 865. Thus, Movant's challenge to the admission of the Stipulation of Facts into evidence was raised on appeal and rejected by the Fourth Circuit. Id. Movant now attempts to recast, under the guise of collateral attack, questions fully considered and previously rejected by the Fourth Circuit. Therefore, Movant's above claims are procedurally barred because Movant is seeking to revisit the same issue that was addressed on direct appeal without directing the Court to any intervening change in law which authorizes him to do so. See Boeckenhaupt, supra, 537 F.2d at 1183.

Notwithstanding the foregoing, the undersigned will briefly address the merits of Movant's claim. Movant argues that AFPD Weis acted ineffectively by allowing him to sign the Stipulation of Facts. Movant argues that he was prejudiced by the above conduct because the Stipulation of Facts were admitted into evidence. As explained by the Fourth Circuit, to the extent the admission was in error, such was harmless error. To the extent Movant argues that he felt he was required to testify because of the admission of the Stipulation of Facts, the undersigned finds such a claim to be without merit. The record reveals that the Stipulation of Facts were first referenced when the United States cross-examined a defense witness, and the Stipulation of Facts were not admitted into evidence *until* Movant testified. Specifically, the Stipulation of Facts were not admitted into evidence until the cross-examination of Movant. Prior to Movant's decision to testify, the District Court specifically warned Movant that the

United States "obviously intends to use [the Stipulation of Facts] in questioning you if the take the stand." (Criminal Action No. 3:11-00011, Document No. 210, p. 104.) Thus, the record does not support a finding that the admission of the Stipulation of Facts compelled Movant's testimony. Based on the foregoing, Movant cannot establish that AFPD Weis' conduct resulted in prejudice. Accordingly, it is respectfully recommended that Movant's above claim of ineffective assistance of counsel be dismissed.

### (ii)    *No reduction for acceptance of responsibility.*

Next, Movant argues that AFPD Weis' advice concerning the acceptance of the Plea Agreement resulted in prejudice because Movant did not receive an acceptance of responsibility reduction under the Guidelines. Movant basis his argument upon the following statement made by the District Court:

> Whether you didn't get very good advice or not is beyond me. I don't know. But you entered into a plea agreement; and had you not breached the plea agreement, I think that there's every likelihood that you'd be facing a much lower guideline sentence than you are now. But you didn't. Instead, you challenged it.
>
> I have no problem with a defendant going to trial. That's what you should do if you don't believe the Government has enough evidence to prove your case even if you know that you're guilty, but here you kind of went beyond that. You tried to argue entrapment. And as Mr. Hanks argued, you also tried to blame this on everybody else. Even today you're doing that to some extent.
>
> It's clear that you weren't involved in the sale of a large amount of heroin, but you were selling both heroin and cocaine. You have a terrible criminal history, and so for a person in your situation to be selling even small amounts is really stupid because you expose yourself to exactly what's happening today . . . another more serious conviction that results in facing a much higher sentence because of your criminal record more so than the amount of the drugs that were involved. But that's the card you have played in this matter, and you've got nobody to blame for the result but yourself. Your lawyer did an outstanding job challenging the Government and putting it to the test at trial, but the evidence was pretty much overwhelming, and I think the jury completely rejected your effect to explain this or justify this or blame it on anybody else, especially to blame it on entrapment.

13

(Criminal Action No. 3:11-00011, Document No. 211, pp. 21 - 22.) The record clearly reveals that the District Court's decision to deny an acceptance of responsibility reduction was not based solely on Movant's decision to proceed to trial. The District Court clearly explained that Movant was not entitled to an acceptance of responsibility reduction because there was "overwhelming" evidence against Movant and he continued to shift the blame to others. Accordingly, Movant's claim that AFPD Weis actions caused him to be denied a reduction for acceptance of responsible is without merit.

*(iii)*    ***Incorrect Guideline prediction.***

Third, Movant appears to argue that AFPD Weis' incorrect Guideline prediction regarding his likely career offender status constituted ineffective assistance of counsel. Specifically, Movant alleges that AFPD Weis advised Movant that he would most likely be classified as a career offender under the Guidelines. Based on his prediction, Movant decided to reject the plea offer and proceed to trial. Movant complains AFPD Weis' prediction was incorrect because following his conviction by jury trial, Movant was not sentenced a career offender under the Guidelines.

In <u>Missouri v. Frye</u>, 566 U.S. 133, 132 S.Ct. 1399, 183 L.Ed.2d 379 (2012), the United States Supreme Court "held that a component of the Sixth Amendment right to counsel in the plea bargaining context is that counsel has a duty to communicate any offers from the Government to his client." <u>United States v. Ray</u>, 547 Fed.Appx. 343, 345 (4th Cir. 2013)(citing <u>Frye</u>, 566 U.S. at 144, 132 S.Ct. at 1408). In order to show prejudice from ineffective assistance of counsel, a defendant must show the outcome of the plea process would have been different with competent advice. <u>Frye</u>, 566 U.S. at 147, 132 S.Ct. at 1409. In <u>Lafler v. Cooper</u>, 566 U.S.

14

156, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), the Supreme Court "held that the Sixth Amendment right to counsel applies to the plea bargaining process and that prejudice occurs when, absent deficient advice, the defendant would have accepted a plea deal that would have been provided by the court, and that "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Ray, 547 Fed.Appx. at 344-45(citing Lafler, 566 U.S. at 164, 132 S.Ct. at 1385).

As stated above, Movant must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland, 466 U.S. at 687-91, 104 S.Ct. at 264-66. The undersigned will first consider whether Movant can establish that counsel's performance was objectively unreasonable. When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. The "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Further, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id., 466 U.S. at 690, 104 S.Ct. at 2066. The undersigned finds that Movant cannot establish that counsel's performance was objectively unreasonable. Prior to the June 13, 2011 Plea Hearing, AFPD Weis reviewed documents pertaining Movant's Ohio conviction for "failure to comply" and saw that the indictment alleged that Movant had fled from law enforcement officers in an automobile in a manner which posed a danger. Citing Sykes v. United States, 564 U.S. 1, 131 S.Ct. 2267, 180 L.Ed.2d 60 (2011), AFPD Weis believed that it was "likely that the 'failure to comply'

conviction was a 'career offender' predicate." (Criminal Action 3:11-00011, Document No. 67, p. 2.) In Skyes, the Supreme Court held that defendant's prior conviction for knowing or intentional flight from a law enforcement officer by vehicle was a "violent felony" for purposes of punishment enhancement under the Armed Career Criminal Act ["ACCA"]. Sykes v. United States, 564 U.S. 1, 131 S.Ct. 2267, 180 L.Ed.2d 60 (2011), overruled by Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). At the time of AFPD Weis' action, the definition for "violent felony" under the ACCA was identical the to the definition for a "crime of violence" under the career offender Guidelines, § 4B1.2(a)(2). Accordingly, the undersigned finds that AFPD Weis acted reasonably by advising Movant that his prior offense involving flight from law enforcement officers in an automobile would likely be a predicate career offender offense.

Furthermore, the Six Amendment does not require that counsel give each defendant "anything approaching a detailed exegesis of the myriad arguably relevant nuances of the Guidelines, [but] a defendant has the right to make a reasonably informed decision whether to accept a plea offer." See United States v. Day, 969 F.2d 39, at 43 (3rd Cir. 1992)(citations omitted). A defendant's knowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to a defendant's decision as to whether to plead guilty. United States v. Gordon, 156 F.3d 376, 380 (2nd Cir. 1998)("[K]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty"). Several Courts of Appeals, however, have determined that a "miscalculation or erroneous sentence estimation by a defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."

16

United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993); Bethel v. United States, 458 F.3d 711, 717 (7th Cir. 2006), cert. denied, 549 U.S. 1151, 127 S.Ct. 1027, 166 L.Ed.2d 774 (2007); United States v. Foster, 68 F.3d 86, 87-88 (4th Cir. 1995). Thus, an attorney's informed, but mistaken, prediction of a defendant's possible sentencing guideline range is insufficient to establish deficient performance. See Randall v. United States, 2014 WL 4311043, * 6 (W.D.N.C. Sept. 2, 2014)("[I]t is certainly within the wide realm of competent representation for attorneys to make *informed* mistakes in projecting guidelines ranges for a client"); Titus v. United States, 2014 WL 2215705, * 7 (E.D.Va. May 28, 2014)(finding that counsel "could not have been expected to precisely predict Petitioner's eventual Guidelines range"); Spaur v. United States, 2013 WL 6583984, * 13 (N.D.W.Va. Dec. 16, 2013)(finding that even if counsel predicted that defendant would receive probation if he entered a guilty plea, counsel's performance fell within *Strickland's* "objective standard of reasonableness"). Prior to the Sentencing Guidelines becoming advisory, the Seventh Circuit explained as follows:

> [t]he sentencing consequences of guilty pleas (or for that matter guilty verdicts) are extraordinarily difficult to predict. Although the sentencing guidelines significantly restrict the sentencing discretion of the district courts, that discretion is still extensive, and predicting the exercise of that discretion is an uncertain art. Therefore, . . . a mistaken prediction is not enough in itself to show deficient performance, even when that mistake is great.

United States v. Barnes, 83 F.3d 934, 940 (7th Cir. 1996). The undersigned notes that the Guidelines were advisory at the time of Movant's sentencing, which would make an accurate prediction even more uncertain. As stated above, AFPD Weis' advice that Movant's prior Ohio conviction was likely a predicate career offender offense was not unreasonable. Although Movant was ultimately not classified as a career offender, this does not establish that AFPD Weis acted ineffectively. AFPD Weis reviewed Movant's pretrial report and NCIC rap sheet and

made an informed prediction as to Movant's Guideline range. Furthermore, there is no indication that Movant did not have knowledge of the comparative sentence exposure between standing trial and accepting a plea offer. Based on the foregoing, the undersigned finds that Movant cannot establish that AFPD Weis' performance "fell below an objective standard of reasonableness." Therefore, it is respectfully recommended that Movant's claim of ineffective assistance of counsel against AFPD Weis be dismissed.

### B.     Alleged ineffectiveness by Mr. Weston:

In his Motion, Movant argues that Mr. Weston was ineffective in his representation of Movant at trial and sentencing. (Civil Action No. 3:15-00339, Document No. 237, pp. 50 - 59.) First, Movant argues that he was unable to confront his accuser because Mr. Weston failed to subpoena a witness who did not testify at trial. (Id., pp. 50 and 56.) Second, Movant argues that Mr. Weston acted ineffectively in his presentation of an entrapment defense. (Id., p. 50.) Movant explains that Mr. Weston should have used phone records to demonstrate entrapment. (Id., pp. 50 – 51, 56.) Finally, Movant complains that Mr. Weston's trial strategy concerning objections, proposed jury instructions, and failure to introduce certain evidence was ineffective. (Id., p. 50.) Specifically, Movant alleges that Mr. Weston acted ineffectively by "not seeking an adverse instruction on the police reports," "not objecting at trial to the introduction of the Stipulation of Facts," and "not demonstrating at sentencing that there were no guns visible in the videos." (Id., pp. 50 – 52, 57 - 58.) Movant argues that Mr. Weston should have put on "evidence demonstrating the guns had just arrived" at his residence and belonged to his nephews, who had recently inherited the guns. (Id., p. 53.) Movant further contends that Mr. Weston acted ineffective in failing to prove that the pistol saw in the videos, was an air pistol. (Id., pp. 54 – 55,

58 - 59.)

In Response, Respondent argues that Movant's above claim should be denied. (Id., Document No. 244, pp. 9 – 15.) Specifically, Respondent contends that "[n]one of defendant's claims satisfy the first *Strickland* prong to establish that Weston's representation fell below the wide range of reasonable assistance guaranteed by the Sixth Amendment." (Id., p. 10.)

In Reply, Movant continues to reassert the same arguments as asserted in his Section 2255 Motion. (Id., Document No. 246, pp. 6 – 13.)

### (i)    *Failure to Subpoena Jarrod Mills.*

First, Movant argues that Mr. Weston was ineffective in failing to subpoena Jarrod Mills, a confidential informant ["CI"]. Specifically, Movant argues that the unavailability of CI Mills prevented him from "confronting his accuser" and was detrimental to his entrapment defense. Movant explains that CI Mills was acting as a confidential informant against Movant, but Movant was unable to confront CI Mills at trial. Movant further argues that CI Mills was an important witness concerning his entrapment defense, because CI Mills could have presented testimony establishing that CI Mills made numerous phone calls to Movant regarding the purchase of drugs. Contrary to Movant's assertion, the record reveals that Mr. Weston attempted to subpoena CI Mills. Mr. Weston recruited Trooper B.L. Keefer, a case agent, to subpoena CI Mills. The record reveals that the United States also recruited Trooper Keefer to locate CI Mills, but Trooper Keefer was unable to located CI Mills for either party. Although Movant concludes that Trooper Keefer's attempt to locate CI Mills was a "joke," such a conclusory assertion is insufficient. The undersigned finds that Movant cannot establish that Mr. Weston's attempt to subpoena CI Mill was objectively unreasonable. As stated above, Trooper Keefer was a case

agent and likely had knowledge of the best possible methods of locating CI Mills. Furthermore, the absence of CI Mills did not violate Movant's right to confront his accuser. The record reveals that Movant was convicted based upon controlled drug buy videos, which were authenticated by the testimonies of Sgt. Lucas and a second confidential informant, Matthew Warner. CI Warner was a participant in each transaction, which involved CI Warner holding the camera and audio-record device. Thus, Sgt. Lucas and CI Warner were Movant's accusers and the record reveals that Mr. Weston cross- examined both at trial. Based upon the foregoing, the undersigned respectfully recommends that Movant's above claim of ineffective assistance of counsel be denied.

### (ii)    Entrapment Defense.

Next, Movant argues that Mr. Weston acted ineffectively in presenting his entrapment defense. Movant argues that Mr. Weston should have obtained and presented phone records exhibiting multiple calls from the confidential informants, which allegedly exhibit the Government's persistent effort to induce him to sell drugs. Movant further argues if Mr. Weston would have obtain CI Mills as a witness, CI Mills could have testified to such efforts. "[A] valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in criminal conduct." Matthews v. United States, 485 U.S. 58, 63, 108 S.Ct. 883, 886, 99 L.Ed.2d 54 (1988); also see Accord United States v. Ramos, 462 F.3d 329, 334 (4th Cir. 2006). A defendant bears the burden of showing inducement by the government. United States v. Sligh, 142 F.3d 761, 762-63 (4th Cir. 1998). Inducement "involves elements of government overreaching and conduct sufficiently excessive to implant a criminal design in the mind of an otherwise innocent party." Id.; United States v.

Harrison, 37 F.3d 133 (4ᵗʰ Cir. 1994)(entrapment is not established where government agents merely offer an opportunity to commit the crime and the defendant promptly avails himself of the opportunity). A trial, Movant testified that he distributed drugs to the CI, in part, to support his own habit. Although Movant was charged with distributing drugs in March of 2010, Movant confirmed that he had distributed drugs to the CI numerous times prior to March. (Criminal Action No. 3:11-00011, Document No. 210, pp. 167-68.) Although Movant faults Mr. Weston's strategic decision not to introduce phone records exhibiting the numerous calls from CI Mills, an attorney's strategic decision is presumed reasonable and protected from second guessing under Strickland. As Respondent argues, the introduction of phone records revealing frequent contact between CI Mills and Movant could have lead a jury to conclude that defendant was CI Mills' source of drugs just as easily as supporting Movant's claim of entrapment. Furthermore, Movant cannot establish that he was prejudiced by Mr. Weston's failure to introduce such phone records. The record clearly reveals that Movant testified at trial that CI Mills called him requesting drugs "close to a hundred [times], [a]nd I'm being conservative." (Criminal Action No. 3:11-00011, Document No. 210, p. 130.) Thus, there is no indication that the jury did not believe that the numerous calls occurred. Entrapment, however, is not conclusively established by the mere fact that numerous calls from the CI occurred. Thus, Movant cannot demonstrate that there is a reasonable probability that, but for Mr. Weston's alleged errors, the result of the proceeding would have been different. Accordingly, the undersigned finds that Movant cannot establish either prong of the Strickland standard.

### *(iii)    Other claims.*

Movant's remaining complaints involve Mr. Weston's trial strategy, failure to assert

objections, and proposed jury instructions. Specifically, Movant argues that counsel should have took more effective action in objecting the introduction of the Stipulation of Facts, sought adverse jury instructions concerning police notes, and demonstrated at sentencing that there were no firearms visible in the videos. First, the record clearly reveals that Movant's appointed counsel filed a motion to exclude the Stipulation of Facts. (Criminal Action No. 3:11-00011, Document Nos. 67 and 68.) Following a Pretrial Motions Hearing, the District Court denied the Motion. (Id., Document No. 96.) Accordingly, Mr. Weston did not act ineffectively by failing to reassert an argument that had already been rejected by the District Court. Furthermore, as the undersigned stated above, Movant cannot establish prejudice based upon the admission of the Stipulation of Facts.

Second, the undersigned will consider Movant's claim regarding the police notes. Movant argues that Mr. Weston acted ineffectively by "not seeking an adverse instruction on the police reports." "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690, 104 S.Ct. at 2065. Furthermore, it is well recognized that classic tactical decisions may be made *without* a defendants consent. See Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998)(emphasis added). Specifically, "[d]ecisions that may be made without the defendant's consent 'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." Id.(citing United States v. Teague, 953 F.2d 1525, 1531 (11th Cir. 1992)). Aside from Movant's conclusory assertion, there is no indication that Sgt. Lucas improperly destroyed interview notes. Sgt. Lucas testified that he destroyed his handwritten notes only after he reduced his detailed handwritten

notes to a typed memorandum of the interview. (Criminal Action No. 3:11-00011, Document No. 189, pp. 55 – 57.) Sgt. Lucas testified that this was a common practice. (Id., p. 56) The record reveals that Mr. Weston cross-examined Sgt. Lucas concerning his practice in an effort to cast doubt on the accuracy of the practice. (Id., pp. 55 – 57.) The record further reveals that Movant's testimony substantially corroborated Sgt. Lucas' recollection of the interview. Thus, Movant cannot establish either prong of Strickland.

Finally, Movant argues that Mr. Weston was ineffective in failing to show an absence of firearms in the drug buy videos. Although the jury acquitted Movant of possessing firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1), the jury convicted Movant of possessing firearms in violation of 18 U.S.C. § 922(g). During sentencing, Mr. Weston argued that Movant should not receive a gun enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). (Criminal Action No. 3:11-00011, Document No. 190, pp. 4 – 5 and Document No. 211, pp. 5 - 6.) Mr. Weston argue that the guns were unloaded and only present on one occasion. (Id.) Mr. Weston further argued that the jury acquitted Movant of possessing the guns in furtherance of a drug crime. (Id.) The United States, however, argued that even though the guns were unloaded, the guns were prominent in the sense they were not put away in a closet or locked away. (Id., p. 6.) The United States further noted that "the evidence was that pistol ammunition was found in the residence; and on at least one of the buy videos, you can hear the defendant and the informants discussing pistols that were in the room." (Id.) The District Court agreed with the United States' argument that the firearms were connected to the offense and further stated that the Court recalled the video "vividly" showing a gun in the corner of the room. (Id., pp. 7 - 8.) The District Court also noted that the burden of proof for a conviction of possessing a firearm in

furtherance of a drug trafficking crime differed from the burden of proof for the application of U.S.S.G. § 2D1.1(b)(1). (Id.) To the extent Movant argues that Mr. Weston was ineffective in failing to argue that the pistol exhibited in the video was a BB gun or air pistol, the undersigned finds such an argument to be without merit. U.S.S.G. § 2D1.1(b)(1) provides for a two level increase for the possession of "a dangerous weapon (including a firearm)." U.S.S.G. § 2D1.1(b)(1). Comment note 1 of Section 1B1.1 specifically states that a "BB or pellet gun that uses air or carbon dioxide pressure to expel a projectile is a *dangerous weapon*, but not a firearm." U.S.S.G. § 1B1.1 comment n. 1(emphasis added); also see United States v. Paz-Castillo, 561 Fed.Appx. 765, 767 (10th Cir. 2014)(applying U.S.S.G. § 2D1.1(b) enhancement based on defendant's possession of a BB gun in close proximity to the drugs); United States v. Manzo-Pulido, 258 Fed.Appx. 120, *120-21 (9th Cir. 2007)(finding that the application of Section 2D1.1(b)(1) was appropriate where defendant possessed a BB gun, which was a "dangerous weapon" under the Guidelines). Thus, even assuming Mr. Weston could have convinced the Court that the pistol was a BB gun or air pistol, an offense level increase under Section 2D1.1(b)(1) would have been appropriate because a BB gun or air pistol is a "dangerous weapon." See United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731 (E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument"). Based on the foregoing, the undersigned respectfully recommends that Movant's ineffective assistance of counsel claim

against Mr. Weston be dismissed.

**C.     Alleged ineffectiveness by Ms. Moran:**

In his Motion, Movant argues that Ms. Moran acted ineffectively by failing to file a petition for writ of certiorari with the United States Supreme Court "after she indicated that it would be filed." (Civil Action No. 3:15-00339, Document No. 237, pp. 59 -63.) Movant further complains that Ms. Moran failed to present the following arguments on appeal to the Fourth Circuit: (1) "the wide-spread federal and state wiretap violations;" (2) failure to confront accuser; (3) challenge to the "drug weight determination;' and (4) that the Stipulation of Facts should not have been admitted because the plea was not accepted. (Id.)

In Response, Respondent argues that Movant's above claim should be denied. (Id., Document No. 244, p. 15.) Respondent states that Mrs. Moran filed a petition for writ of certiorari on Movant's behalf on January 7, 2014. (Id.) In Reply, Movant continues to assert the same arguments as asserted in his Section 2255 Motion. (Id., Document No. 246, pp. 13 – 14.)

The undersigned first finds that Ms. Moran clearly challenged the admission of the Stipulation of Facts and the District Court's determination of the drug quantity in Movant's appeal to the Fourth Circuit. See United States v. Persons, 548 Fed.Appx. 861 (4th Cir. 2013). Next, the undersigned has considered and found no merit in Movant's above claim of ineffective assistance of counsel based on the alleged denial of his right to confront his accuser (CI Miller). Thus, when no merit is found in a claim of ineffective assistance of trial counsel, appellate counsel cannot be found ineffective for failing to raise those same meritless issues on appeal. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995)(abrogated on other grounds by Neil v. Gibson, 278 F.3d 1044, fn. 5 (10th Cir. 2001))("When defendant alleges his appellate counsel

rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. * * * If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel."(Citation and quotation marks omitted.)) As to Movant's claim based upon Ms. Moran's failure to assert a violation of the wiretap act, the undersigned finds such an argument would have been meritless. The undersigned will specifically address the wiretape issue in Section 3 below. Furthermore, counsel is not required to raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983)(stating that no decision "of this Court suggests...that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."). The"[w]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989)(quoting Smith v. Murray, 477 U.S. 527, 536, 106, S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986)). Therefore, Movant's claim of ineffective assistance of counsel on the above grounds should be dismissed.

Finally, Movant's claim that Ms. Moran filed to file a petition for certiorari with the Supreme Court is clearly without merit. Counsel filed a petition for certiorari on January 7, 2013 and moved to withdraw as counsel noting that she filed the petition at the direction of Movant but she believed there were no non-frivolous grounds upon which to proceed. United States v. Persons, Docket No. 12-4954 (4th Cir.), Document Nos. 65 and 66; (Civil Action No. 3:15-00339, Document No. 237-1, p. 17.) Based upon the foregoing, the undersigned

respectfully recommends that Movant's claim of ineffective assistance of counsel claim against Ms. Moran be dismissed.

**2.    <u>Sentencing Claims</u>:**

In his Motion, Movant argues that the District Court erred in imposing his sentence. (Civil Action No. 3:15-00339, Document No. 237, pp. 20 – 24, 39 – 50.) Movant first argues that the District Court's "determination of drug weight was contrary to law." (Id., pp. 39 – 50.) The record reveals that on direct appeal, Movant argued that the District Court erred in its determination of the drug quantity. The Fourth Circuit determined as follows:

> [T]he district court accepted the amount of cocaine estimated in the PSR but found that Persons sold less than half of the estimated heroin based on his statement to the probation officer than he consumed two to three grams of heroin daily, despite finding this statement to be an exaggeration. Persons suggests that the court should have assigned more weight to his claims of personal heroin use, and further argues that the post-arrest statement considered in the PSR as a basis for the heroin and cocaine estimates is unreliable because it was not recorded. However, Persons does not point to any factual finding that is actually incorrect, nor does he give any reason why this Court should disregard the district court's finding that his claims of daily heroin use were not entirely credible. This Court cannot conclude from Persons' mere objections that the district court erred in finding the relevant drug quantity.

<u>Persons</u>, 548 Fed.Appx. at 866. Thus, Movant's challenge to the District Court's determination of drug quantity was raised on appeal and rejected by the Fourth Circuit. <u>Id.</u> Movant now attempts to recast, under the guise of collateral attack, questions fully considered and previously rejected by the Fourth Circuit. Therefore, Movant's above claim is procedurally barred because Movant is seeking to revisit the same issue that was addressed on direct appeal without directing the Court to any intervening change in law which authorizes him to do so. <u>See</u> <u>Boeckenhaupt</u>, <u>supra</u>, 537 F.2d at 1183.

Next, Movant argues that his sentence was improperly enhanced under the Guidelines

based upon his possession of a gun. (Id., pp. 20 - 24.) Movant argues that the District Court engaged in double counting when it used the same guns that formed the basis of his conviction for being a felon in possession to also enhance his drug sentence under U.S.S.G. § 2D1.1(b)(1). It is well established, however, that such does not constitute improper "double counting." "Double counting occurs when a provision of the [Sentencing] Guidelines is applied to increase punishment on the basis of a consideration that had been accounted for by application of another Guideline provision or by application of a statute." United States v. Reevey, 364 F.3d 151, 158 (4th Cir. 2004). "Unless expressly prohibited by the Guidelines, double counting is permitted." United States v. Artis, 554 Fed.Appx. 220, 222 (2014)(citing Reevey, 364 F.3d at 158). When a defendant has been convicted of a Section 924(c) offense, the Guidelines explicitly forbid as double counting the application of U.S.S.G. § 2D1.1(b)(1).[5] See U.S.S.G. § 2K2.4 comment n. 4. Movant, however, was *not* convicted under 18 U.S.C. § 924(c). Movant's drug charges under 21 U.S.C. § 841(a)(1) were separate offenses with different requirements than his felon in possession of a firearm charge under 18 U.S.C. § 922(g)(1). See United States v. Henderson, 129 Fed.Appx. 949, 951-52 (6th Cir. 2005). The Guidelines do not expressly prohibit the application of U.S.S.G. § 2D1.1(b)(1) where the defendant is also convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g).[6] Therefore, it is permissible for a court to apply a firearms

---

[5]    Section 924(c)(1) imposes criminal liability and mandatory prison time upon any person who "during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm." Movant was found to be not guilty of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 6).

[6] The undersigned notes that Movant cites *United States v. Bustamante*, 493 F.3d 879 (7th Cir. 2007) in support of his claim of double counting. In *Bustamante*, the Seventh Circuit determined that "when a defendant is sentenced for the possession of a firearm under § 2K1.1, the district court cannot increase the defendant's sentence on another count for that same possession of a firearm." *Bustamante*, 493 F.3d 889-90. The Seventh Circuit explained that U.S.S.G. § 2K2.4 prohibited such double counting. In the instant case, however, Movant was not sentenced under

enhancement under U.S.S.G. § 2D1.1(b)(1) to a drug conviction even though a defendant is convicted under 18 U.S.C. § 922(g)(1) for possession the same firearm. See United States v. Webb, 665 F.3d 1380 (11th Cir.), cert. denied ___ U.S. ___, 133 S.Ct. 292, 184 L.Ed.2d 172 (2012)(finding that the application of Section 2D1.1(b)(1) did not constitute impermissible double counting even though defendant was conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g)); United States v. Bey, 414 Fed.Appx. 570 (4th Cir.), cert. denied ___ U.S. ___, 132 S.Ct. 267, 181 L.Ed.2d 157 (2011)("There was no double counting error in the imposition of a two-level sentencing enhancement for possession of a firearm and a four-level enhancement for using or possessing a firearm in connection with another felony offense, even though both enhancement were based on the same gun."); United States v. Rios, 276 Fed.Appx. 501 (7th Cir. 2008)(finding that a defendant who is convicted of being a felon in possession of a firearm under § 922(g) may have his sentence on a separate conviction adjusted for possessing the same weapon in conjunction with the latter offense); United States v. Pierce, 388 F.3d 1136 (8th Cir. 2004)("It was not impermissible double-counting to assess a two-level sentencing enhancement for defendant's possession of a firearm in connect with a drug offense, although the same firearm formed the basis of his conviction for being in a felon in possession of a firearm."); United States v. Campos-Banos, 86 Fed.Appx. 225 (9th Cir. 2003)(finding that the enhancement of defendant's sentence on the basis of possession of a firearm in connection with a drug trafficking offense did not constitute improper counting where same gun was used to convict defendant of being an alien in possession of a firearm); United States v. Taylor, 248 F.3d 506 (6th Cir.), cert. denied 534 U.S. 981, 122 S.Ct. 414, 151 L.Ed.2d 315 (2001)(The application of a Guideline enhancement for possession of a dangerous weapon in connection with a drug

---

Section 2K1.1.

offense after the defendant was convicted of being a felon in possession of a firearm based on the same weapon, did not violated defendant's double jeopardy rights or constitute impermissible double counting); United States v. Gibbs, 190 F.3d 188 (3rd Cir. 1999), cert. denied 528 U.S. 1131, 120 S.Ct. 969, 145 L.Ed.2d 840 (2000)(a two-level sentencing enhancement based upon the discovery of a sawed-off shotgun for which defendant had also been separately convicted of being a felon in possession of a firearm, was not a double jeopardy violation and did not amount to double counting); United States v. Joseph, 71 F.3d 878 (5th Cir. 1995)(rejecting defendant's double counting claim based upon an increase of his Guideline range for possession of a firearm in connection with a drug offense when defendant was also convicted of being a felon in possession of a firearm); but also see United States v. Stotts, 114 F.3d 1178 (4th Cir. 1997)(recognizing that the district court did not consider the application of U.S.S.G. § 2D1.1(b)(1) because it cannot be applied along with a *mandatory* sentence required under 18 U.S.C. § 924(c)(1))(emphasis added). Based on the foregoing, the undersigned respectfully recommends that Movant's "double counting" claim be dismissed.

**3.     Wiretap Challenge:**

In his Motion, Movant argues that his "constitutional rights were violated as to the Federal and West Virginia Wiretap statutes were not followed." (Civil Action No. 3:15-00339, Document No. 237, pp. 3 – 20.) Citing West Virginia Code § 62-1D-1, Movant argues that certain requirements must be met before any wiretapping activity can be lawfully used in any proceeding. (Id.) Movant further argues "18 U.S.C. § 2511 authorizes one-party consensual taping of another provided it does not violation, inter alia, the laws of any state." (Id.) Movant argues that the electronic surveillance violated West Virginia law "as it relates to any claimed

30

one-party consent taping from a police informant." (Id.) Citing State v. Mullens, 221 W.Va. 70,

91 (2007), Movant argues that the "West Virginia Supreme Court ruled that it is unlawful for a

police informant to tape a suspect in his own home (absent a valid intercept warrant) even if one

of the parties consents to the taping." (Id.) Movant, therefore, argues that electronic surveillance

conducted on him was illegal. (Id.) Movant contends that the intercept orders signed on March 2,

2010, and March 22, 2010, were signed by West Virginia Magistrates. (Id.) Movant contends

that the Magistrates did not have authority to sign the intercept orders because neither were

"Circuit Court Judges in West Virginia."[7] (Id.) Movant explains that West Virginia Code §

62-1D-7 provides that "the Chief Justice of the W.V. Supreme Court will appoint five (5) active

circuit court judges to hear and rule on intercept requests." (Id.) Movant complains that a

prosecuting attorney, not a law enforcement officer, must apply for an order for interception.

(Id.) Movant further states that the application must include a statement of less-intrusive

investigative method tried. (Id.) Movant argues that there were no less-intrusive investigative

---

[7]   West Virginia Code § 62-1F-1, *et seq.* was enacted in 2007 following the West Virginia
Supreme Court's decision in *Mullens*. West Virginia Code § 62-1F-2(a) provides that "an
investigative or law-enforcement officer shall, in accordance with this article [Electronic
Interception of Person's Conduct or Oral Communications in Home by Law Enforcement] first
obtain from a magistrate or a judge of a circuit court within the county wherein the
nonconsenting party's home is located an order authorizing said interception." W. Va. Code §
62-1F-2(a)(2007). Movant, however, argues that the Section 62-1D-3(f) of the Wiretapping Act
requires that intercept orders be signed by one of the five designated circuit court judges. The
West Virginia Supreme Court, however, specifically rejected this argument in *State v. Hoston*,
228 W.Va. 605, 723 S.E.2d 651 (2012). The West Virginia Supreme Court determined that W.
Va. Code § 62-1D-3(f)(2007) "explicitly excluded in-home recording using a body wire from the
ambit of the Wiretapping Act." *Id.*, 228 W.Va. at 610, 723 S.E.2d at 656. Thus, the West
Virginia Supreme Court explained that "the provisions of W. Va. Code § 62-1D-7 requiring one
of the five designated circuit court judges to rule upon applications for orders authorizing the
interception of . . . communications no longer apply." *Id.* The Court explained that electronic
interception by law enforcement of a person's conduct or oral communication in the home is
regulated by W. Va. Code §§ 62-1F-1, *et. seq. Id.* Therefore, the West Virginia Supreme Court
held that magistrates are authorized to issue electronic interception orders pursuant to W. Va.
Code § 62-1F-2(a). *Id.* Accordingly, Movant's argument on this issue is clearly without merit.

methods attempted in this case. (Id.) Movant contends that evidence derived from the intercept orders should have been suppressed because the orders were "not issued in strict compliance" with West Virginia Code 62-1D-1, et seq. (Id.) Finally, Movant contends that the intercept orders violated 18 U.S.C. § 2518(1)(b) and (c) because it did not contained an adequate factual statement and a statement concerning other investigative procedures that had been unsuccessfully attempted. (Id.)

In Response, Respondent argues that Movant "mistakenly believes that recorded drug buys and the single-party consent recording of calls setting up such transactions invoke Title III procedures necessary for wiretapping targets of investigations." (Id., Document No. 244, pp. 16 – 17.) Respondent argues that the Mullens holding and the basis behind it are irrelevant to motions to suppress in federal court. (Id.) Respondent explains that "in a federal case, police do not need to obtain a warrant to such recordings." (Id.)

In Reply, Movant continues to reassert the same arguments as set forth in his Section 2255 Motion. (Id., Document No. 246, pp. 16 – 17.) Movant argues that the Respondent is mistaken as to the law. (Id.)

The basis of Movant's above claim rests upon his argument that "federal law dictates that state law must be observed." (Civil Action 3:15-00339, Document No. 237, p. 19.) In support of this argument, Movant states that 18 U.S.C. § 2511(2)(c) "authorizes one-party consensual taping of another provided it does not violate, inter alia, the laws of *any state*." (Id., p. 9.) Movant, therefore, concludes that federal law requires police officers to comply with West Virginia law when conducting electronic surveillance. (Id., pp. 9 - 19.) Movant, however, incorrectly summarizes Section 2511(2)(c). Section 2511(2)(c) provides as follows: "It shall not

be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." 18 U.S.C. § 2511(2)(c). Clearly, Section 2511(2)(c) contains no language requiring compliance with state law. Accordingly, Movant's argument that federal wiretapping law requires compliance with state law is without merit.

Next, the undersigned will address Movant's claims based upon State v. Mullens, 221 W.Va. 70, 650 S.E.2d 169 (2007). In Mullens, the West Virginia Supreme Court held "that it was a violation of West Virginia Constitution article III, § 6 for the police to invade the privacy and sanctity of a person's home by employing an informant to surreptitiously use an electronic surveillance device to record matters occurring in that person's home without first obtaining a duly authorized court order pursuant to W.Va. Code § 62-1D-11 (1987)." The Fourth Circuit, however, has stated that "evidence admissible under federal law cannot be excluded because it would be inadmissible under state law." United States v. Van Metre, 150 F.3d 339, 347 (4th Cir. 1998)(citing United States v. Clyburn, 24 F.3d 613 (4th Cir. 1994)). As stated above, 18 U.S.C. § 2511(2)(c) clearly provides that "[i]t shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." Thus, "federal statutory and constitutional law permits officials to place an electronic surveillance device on a consenting informant for the purpose of recording communications with a third-party suspect, *even in the absence of a warrant*." United States v. Blevins, 315 Fed.Appx. 478 (4th Cir. 2009)(citing United States v. White, 401 U.S. 745, 749, 91

S.Ct. 1122, 28 L.Ed. 453 (1971))(emphasis added). In the instant case, Movant's arguments rest upon claims of error surrounding the warrant. Since federal law does not require police officers to obtain a warrant to make recordings where the recording person is a party to the communication or has given prior consent, Movant's above claims challenging the validity of the warrant are without merit. See 18 U.S.C. § 2511(2)(c); White, 401 U.S. at 749, 91 S.Ct. at 1122. Based upon the foregoing, the undersigned respectfully recommends that Movant's above claim be dismissed.

**4.    Right to Be Present:**

In his Motion, Movant argues that his "right to be present at the plea discussions on June 13, 2011, was violated." (Civil Action No. 3:15-00339, Document No. 237, pp. 35 – 38.) Movant contends that he was initially present at the hearing, "but was then removed from the courtroom after which very meaningful discussions were held that he should have been present for." (Id.) Movant states that his hearing had to be delayed for approximately 30 minutes so that a juvenile matter could be heard. (Id.) Movant complains that when his Plea Hearing resumed, Movant was not present. (Id.) Movant contends that this was an "important hearing" and the Court incorrectly assumed that counsel had discussed "the implication of [Movant's] decision to forego the plea in light of the stipulation of facts that [Movant] was counseled to sign." (Id.) Movant argues that Rule 43(a) of the Rules of Criminal Procedure mandated his actual physical presence at the hearing and the District Court erred by conducting the hearing in his absence. (Id.) Movant contends that his absence at the hearing "forced [Movant] to forego the plea deal that he had originally signed." (Id.) Movant argues that had he been present at the hearing, a "potential plea agreement could have been worked out after clearing the 'misunderstanding.'" (Id.)

In Response, Respondent first argues that Rule 43(a) was not applicable because no Plea Hearing was conducted on June 13, 2011. (Id., Document No. 244, pp. 17 – 19.) Respondent notes that defense counsel informed the Court that Movant no longer intended to plead guilty and the United States then made an oral motion to continue trial. (Id.) Respondent explains that "[t]here were no plea discussion or any other substantive issues brought up at the hearing." (Id.) Respondent further argues that the above issue is procedurally defaulted because Movant failed to raise the issue on direct appeal and has not demonstrated "cause and prejudice." (Id.)

In Reply, Movant disputes that a Plea Hearing was not conducted and that no plea discussions were brought up." (Id., Document No. 246, pp. 17 – 19.) Movant argues that "being absent and unable to work out the misunderstandings and to ask questions of the judge and for the Court to garner information as to whether Persons knew what he was signing, negatively affected his rights." (Id.) Movant, therefore, contends that a Rule 11 hearing was necessary. (Id.) Movant continues to argue that "had he been present, there'd probably been no trial and no longer sentence from the Court." (Id.) Finally, Movant argues that the foregoing issue was raised on appeal. (Id.)

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 n. 10

(1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review.

    First, the undersigned finds that Movant is incorrect in his argument that the above issue was presented on appeal. Specifically, Movant argues that the above issue was asserted as ground three on appeal. A review of the Fourth Circuit opinion clearly reveals that Movant did

not assert the above issue on appeal. As ground three, Movant argued that the District Court erred by refusing to allow him to withdraw from his plea bargain with the government. See Persons, 548 Fed.Appx. at 866. This is clearly not the same issue as Movant's *habeas* claim that he had a right to be present at the June 13, 2011 hearing.

Next, the undersigned finds that Movant cannot establish "cause and actual prejudice." The record clearly reveals that a Plea Hearing was *not* conducted on June 13, 2011. (Criminal Action No. 3:11-00011, Document No. 213.) Prior to the scheduled Plea Hearing, defense counsel advised Movant that counsel was initially incorrect in his prediction of Movant's possible sentencing Guideline range. Defense counsel informed Movant that it was possible that his prior conviction for "failure to comply" would be a predicate career offender offense, which would result in a higher Guideline range. Based on defense counsel's amended prediction, Movant decided that he longer wished to plead guilty. Therefore, no Plea Hearing or Rule 11 hearing was necessary as Movant clearly did not plead guilty. Movant appears to confuse the fact that he signed the Plea Agreement with the act of pleading guilty. Although Movant signed the Plea Agreement, the record clearly reveals that he did *not* plead guilty. During the scheduled Plea Hearing, defense counsel informed the Court that Movant did not wish to plead guilty and the United States made an oral motion for a continuance of the trial. Movant argues that he suffered prejudice because had he been present at the scheduled Plea Hearing, the "misunderstanding" could have been corrected and a plea agreement could have been reached. Such an argument is without merit. First, the "misunderstanding" involved defense counsel's prediction as to Movant's possible Guideline range. Defense counsel initially predicted Movant's possible Guideline range to be lower because he did not believe Movant would qualify

as a career offender. Prior to the Plea Hearing, defense counsel determined that it was possible that Movant would qualify as a career offender. As stated above, defense counsel's prediction was reasonable and such a "misunderstanding" could not have been further clarified at the Plea Hearing. Second, the purpose of a Plea Hearing is not for parties to engage in plea negotiations. Such negotiations occur outside the presence of the Court, and a plea hearing is only necessary after an agreement is reached and the defendant wishes to plead guilty. As stated above, actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. In the instant case, Movant has not established actual prejudice.

Finally, the undersigned finds that Movant cannot demonstrate a "miscarriage of justice." As stated above, a "miscarriage of justice" is demonstrated by a movant showing his actual innocence by clear and convincing evidence. Further, actual innocence is established by a movant demonstrating his factual innocence. In the instant case, Movant cannot establish his factual innocence. Movant does not dispute that he sold drugs to confidential informants or that he was a felon in possession of a firearm. Movant, therefore, cannot demonstrate a "miscarriage of justice." Based upon the foregoing, the undersigned finds that the above alleged error is procedurally defaulted.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 237) and **REMOVE** this

matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States Chief District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: March 14, 2017.

Omar J. Aboulhosn
United States Magistrate Judge

39