IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DAVID MICHAEL PERSONS,

    Movant,

v.                                              CIVIL ACTION NO. 3:15-00339
                                              (Criminal Action No. 3:11-00011)

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (ECF No. 237).[1] By Standing Order, the Motion was first assigned to Magistrate Judge R. Clarke VanDervort (ECF No. 239) for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The matter was subsequently assigned to Magistrate Judge Omar J. Aboulhosn (ECF No. 257) on January 6, 2016. The Magistrate Judge issued the Proposed Findings and Recommendation (PF&R) on March 14, 2017, concluding that Movant's Motion should be denied. *See PF&R*, ECF No. 274, at 38. Movant timely filed six objections to these findings.[2] *See Obj.*, ECF No. 287. For the following reasons, the Court **OVERRULES** Movant's objections, **ACCEPTS and INCORPORATES** herein the Magistrate Judge's findings

---

[1] Movant is acting *pro se*, so the Court holds the filed documents to a less stringent standard than if they had been prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).
[2] Although the Objections were filed on May 23, 2017, five days after the deadline for objections, the Movant's handwritten document is dated May 16, 2017. *See Obj.*, ECF No. 287, at 5. Therefore, the Court will consider the Objections in full.

and recommendations, and **DENIES** Movant's Motion (ECF No. 237) without issuing a certificate of appealability.

The Court conducts a *de novo* review of those portions of the Magistrate Judge's report to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."). The Court, however, is not required to review, under a *de novo* or other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendations to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).[3] Movant has made six objections to the PF&R, and the Court will address each in turn.

First, Movant objects to the PF&R's legal conclusion that Assistant Federal Public Defender Ed Weis's (Weis) representation did not constitute ineffective assistance of counsel. *See Obj.*, ECF No. 287, at 2-3. Under this objection, Movant makes multiple arguments as to why the Court should consider Weis's representation ineffective. Movant argues that Weis wrongly advised Movant on the potential guideline range faced if Movant pleaded guilty, accounting for a possible armed career offender enhancement. *Id.* at 2. Movant blames this incorrect advice for his decision to go to trial, which resulted in five convictions and a longer

---

[3] Movant does not contest the factual findings made by the Magistrate Judge in the PF&R under "Factual Background." *See PF&R*, ECF No. 274, at 1-6. Movant only challenges the legal conclusions made by the Magistrate Judge. The Court finds factual support in the record for the Magistrate Judge's factual conclusions, so the Court adopts such findings as presented in the PF&R. *See id.*

sentence. *Id.* at 3. Movant argues that Weis's ineffectiveness further cost Movant the acceptance of responsibility points, which increased his sentence. *Id.* at 3.

A successful claim for ineffective assistance of counsel is a hard standard to meet. Under the *Strickland v. Washington* test, a defendant must demonstrate that the counsel representation fell below an objective standard of reasonableness and that the result of the proceeding would have been different if not for the ineffectiveness. 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The bulk of Movant's disagreement with Weis's representation stems from the fact that the Government used the Stipulation of Facts at trial. The Fourth Circuit already addressed this argument and found that the admission of the stipulation was harmless because the evidence against Movant was overwhelming at trial. *See United States v. Persons*, 548 F. App'x 861, 865 (4th Cir. 2013). As the Fourth Circuit already dismissed those concerns on direct appeal, this Court will only consider novel arguments as to Weis's purported ineffectiveness. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (refusing to reconsider arguments made on direct appeal in a habeas petition).

Accordingly, the Court reviews Movant's objections regarding the incorrect advice, which resulted in a higher sentence by taking the case to trial and the loss of acceptance of responsibility points. Although Movant continues to blame Weis for his decision to go to trial and face higher penalties, these objections are without merit. An attorney is not considered ineffective for providing a defendant an estimate of a sentencing guideline range, even if the calculations turn out to be incorrect. *See United States v. Foster*, 68 F.3d 86, 87-88 (4th Cir. 1995) (finding wrong advice of guideline range not prejudicial when court warned defendant of potential sentence);

3

*Harper v. United States*, 661 F. Supp. 2d 587, 600 (N.D.W. Va. 2009) (finding that the "miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel" (citation omitted)); *Randall v. United States*, 2014 WL 4311043, at *6 (W.D.N.C. Sept. 2, 2014) (recognizing that informed mistakes are not ineffective assistance). The Court finds that Weis's prediction, that Movant's conviction for "failure to comply" would serve as a predicate offense for the armed career offender enhancement, was reasonable based on Weis's interpretation of *Sykes v. United States* at the time. 564 U.S. 1, 4 (2011) (classifying fleeing from an officer by vehicle as a violent felony for the statutory enhancement under the Armed Career Criminal Act). The Court must review counsel's decisions at the time the decisions were made rather than look through the lens of hindsight.[4] *See Strickland*, 466 U.S. at 689. Based on all the information provided and a review of the record, Weis's advice did not fall below the objective standard of reasonableness. Further, Movant decided voluntarily to proceed with trial knowing that the Stipulation of Facts could enter into evidence. *See PF&R*, ECF No. 274, at 13 (describing this Court's specific warning to Movant before testifying at trial). The PF&R goes into a deeper analysis as to why Weis's representation remains within the standard of reasonableness, and the Court agrees with the Magistrate Judge's conclusions. *See id.* at 14-18. Therefore, rather than repeat the analysis here, the Court **ADOPTS and INCORPORATES** herein the Magistrate Judge's legal analysis regarding Weis's representation.

This Court also previously explained during sentencing why Movant would not have received acceptance of responsibility points for a reduced sentence. *See id.* at 13 (quoting

---

[4] *Sykes* was overruled in 2015 by *Johnson v. United States*, 135 S. Ct. 2551 (2015).

sentencing transcript). Acceptance of responsibility points typically apply when a defendant pleads guilty and eases the burden of the government from going through trial. *See* U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.3 (U.S. Sentencing Comm'n 2011). However, the points can also attach after trial if the defendant "clearly demonstrate[s] an acceptance of responsibility for his criminal conduct." *Id.* at cmt. n.2. Movant continues to shift the blame of his actions to other people as evidenced by the arguments espoused in the direct appeal and this habeas petition. As the Court stated at sentencing, Movant "tried to blame this on everybody else." *PF&R*, ECF No. 274, at 13. Even after trial, Movant could not accept the responsibility of his actions, and, thus, a reduction in points for acceptance of responsibility was not warranted. Accordingly, Movant's first objection on the effectiveness of Weis's representation is **OVERRULED**.

Second, Movant objects to the PF&R's legal conclusion that Attorney Richard Weston's (Weston) representation did not constitute ineffective assistance of counsel for failing to produce a witness at trial.[5] *See Obj.*, ECF No. 287, at 4. Movant argues that "Mills was the main witness for Persons['s] defence [sic]" and that Weston was ineffective for failing to produce him. *Id.* However, the record shows that Weston attempted to subpoena Mills, a confidential informant, and the Government likewise tried to call him to the stand. *See PF&R*, ECF No. 274, at 19.

---

[5] Movant also states that he objects to the long gun being a basis for the dangerous weapon enhancement. *Obj.*, ECF No. 287, at 3-4 ("Persons objects to the finding (proposed) "B" Attorney Weston, that somehow a 'pistol' is the object of 'dangerous weapon' … inhancement [sic]. This is not petitioner's argument. Persons was enhanced for 'long guns' not a pistol."). The Court is unclear as to what Movant objects to in this statement. However, the Magistrate Judge thoroughly discusses the proper enhancement under Sentencing Guideline § 2D.1.1.(b)(1) for possessing an air pistol in the home. *See PF&R*, ECF No. 274, at 23-25. The Court agrees with the legal analysis provided and **ADOPTS and INCORPORATES** herein the Magistrate Judge's PF&R regarding the relevance of the enhancement in this case.

Neither party was able to locate Mills, and Movant had the opportunity to cross examine the other witnesses brought to testify against him, including another confidential informant participating in the drug transactions. *Id.* at 20. The actions by the trial attorney do not fail to reach the objective bounds of reasonableness, and Movant cannot support a claim for ineffective assistance of counsel under *Strickland*. Accordingly, the Court **OVERRULES** Movant's objections regarding Weston's effectiveness.

Third, Movant objects to the legal conclusion that Attorney Jane Moran's (Moran) representation did not constitute ineffective assistance of counsel when she purportedly lied to the appellate court. *See Obj.*, ECF No. 287, at 4. Movant states that Moran lied regarding the wiretap authorizations, confrontation issues, and filing of the writ of certiorari. *Id.* Movant's Motion makes clear that he believes Moran failed to raise pertinent constitutional issues to the appellate court and file his writ of certiorari, but these assertions cannot sustain an ineffective assistance of counsel argument. *See Movant's Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Pers. in Fed. Custody*, ECF No. 237, at 60-61. Appellate attorneys have the discretion to determine which arguments best present a defendant's case on appeal, and a court will not find the attorney ineffective for not presenting all possible arguments. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (explaining that no decision by the Supreme Court "suggests … that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points"). Moran's decisions to not pursue alleged violations of the wiretap act and the inability to confront Mills on the stand were made in her professional judgment. Moreover, as previously explained, the inability to confront Mills could not hold the trial attorney,

6

Weston, ineffective and, thus, cannot hold Moran ineffective as appellate counsel. *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) (*abrogated on other grounds by Neill v. Gibson*, 278 F.3d 1044, 1057 n.5 (10th Cir. 2001)). Regarding the filing of a writ for certiorari, the Fourth Circuit docket shows that Moran filed the writ before requesting withdrawal as counsel. *See United States v. Persons*, 12-4954, ECF No. 65 (4th Cir. 2012). However, even if such writ was not filed, the failure to do so would not amount to an ineffective assistance of counsel, especially when Moran determined that such filing would be meritless. *See United States v. Dill*, 555 F. Supp. 2d 514, 519 (E.D. Pa. 2008) ("Since Defendant had no constitutional right to counsel to pursue his discretionary appeals, his attorney's failure to petition for a writ of certiorari cannot form the basis for a constitutional violation."); *Rickard v. United States*, Civ. No. 10-2089 (JLL), 2011 WL 3610413, at *9 (D.N.J. Aug. 16, 2011) (finding that the failure to file a writ could not prejudice defendant without showing reasonable probability that the Supreme Court would grant writ and change disposition). Movant has not argued why his writ of certiorari would have been granted or successful. Accordingly, the Court finds that Moran's representation did not fall under the objective standard of reasonableness and did not prejudice Movant. Therefore, the Court **OVERRULES** Movant's objections.

Fourth, Movant objects to the conclusion that the sentence for felon in possession and enhancement for gun possession were proper. *See Obj.*, ECF No. 287, at 4. Movant states that the sentence went outside the guideline range and over the statutory maximum allowed. *Id.* Movant's Motion further clarifies that he viewed the sentence as double counting and an improper use of the guideline range. *See Movant's Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Pers. in Fed. Custody*, ECF No. 237, at 20-24. The PF&R fully explains

that adding a two-level increase under U.S. Sentencing Guideline § 2D1.1(b)(1) while also convicting a defendant for being a felon in possession of a firearm under 18 U.S.C. § 922(g) is permissible, and the Court will not repeat the analysis here. *See PF&R*, ECF No. 274, at 28-30. The Court agrees with the legal analysis that both enhancements are proper and **ADOPTS and INCORPORATES** the PF&R herein. Movant's Motion also addresses his confusion as to how his offense level could total 26 when the gun offense would only result, in what Movant calculates, as a level 12. *See Movant's Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Pers. in Fed. Custody*, ECF No. 237, at 20-24; *see also Tr. of Sentencing*, ECF No. 211, at 17:14-18. Under the grouping rule in the U.S. Sentencing Guidelines, "counts involving substantially the same harm shall be grouped together into a single group." U.S. Sentencing Guidelines Manual § 3D1.2 (U.S. Sentencing Comm'n 2011). Because Movant was convicted of being a felon in possession of a firearm in connection with the drug convictions, the Court groups the counts together and the higher base level applies at sentencing. *Id.* at § 3D.1.3. Accordingly, the Court properly applied the base level of 26 when sentencing Movant, and his objections are **OVERRULED**.

Fifth, Movant objects to the finding that the wiretap authorizations were not in violation of federal law. *See Obj.*, ECF No. 287, at 4. Movant argues that the wiretap authorizations involved state authorities before a federal investigation started and, thus, must follow state law pursuant to 18 U.S.C. § 2511(2)(c). *Id.* However, as the Magistrate Judge explained, § 2511(2)(c) does not require compliance with state law. The section, in its entirety, states, "[i]t shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of

8

the parties to the communication has given prior consent to such interception." 18 U.S.C. § 2511(2)(c). The language does not contain any requirement to follow state law. *See also United States v. Blevins*, 315 F. App'x 478, 480 (4th Cir. 2009) ("Moreover, federal statutory and constitutional law permits officials to place an electronic surveillance device on a consenting informant for the purpose of recording communications with a third-party suspect, even in the absence of a warrant."). Accordingly, Movant's objections are **OVERRULED**.

Sixth, Movant objects to his absence at the June 13, 2011 "plea hearing", asserting that Weis again ineffectively protected Movant's constitutional rights. *See Obj.*, ECF No. 287, at 4. The Court has already addressed that Weis did not provide ineffective assistance. Moreover, Movant did not object to the Magistrate Judge's legal conclusion that Movant failed to raise this issue on direct appeal. *See PF&R*, ECF No. 274, at 36-38. The Court has reviewed the Magistrate Judge's analysis and agrees that Movant cannot demonstrate cause and actual prejudice or a miscarriage of justice to maintain his argument for habeas when he failed to present the issue on direct appeal. Accordingly, the Court **OVERRULES** Movant's final objection.

The court additionally has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of

appealability.

Lastly, Movant also filed an objection to the Magistrate Judge's Decision to Deny Movant's Motion (ECF No. 261) for Release on Bail. *See Obj.*, ECF No. 284. Movant's Motion requested his release on bond while the motion for habeas relief remained pending. *See Mot. for Release on Bail*, ECF No. 261. As the Court denies Movant's motion for habeas relief, such release is unnecessary.

Accordingly, the Court **OVERRULES** Movant's Objections (ECF No. 284), **ADOPTS and INCORPORATES** herein the Magistrate Judge's Order denying bond (ECF No. 275), and **DENIES** Movant's Motion for Release on Bail (ECF No. 261). The Court has considered Movant's objections to the PF&R on habeas relief in full and finds that the objections are without merit. Accordingly, the Court **OVERRULES** Movant's Objections (ECF No. 287), **ADOPTS and INCORPORATES** herein the Magistrate Judge's Proposed Findings and Recommendation (ECF No. 274), and **DENIES** Movant's Motion for Habeas Relief (ECF No. 237).

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, counsel of record and any unrepresented parties.

ENTER: May 31, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE